# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY GREEN, Register No. 509735, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4047-CV-C-NKL |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Timothy Green, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Before the court are several motions to dismiss of defendants. In response to the motions, plaintiff made filings he titled motions for judgment on the pleadings to which suggestions in opposition have been filed.

*Defendants' Motions to Dismiss*

Defendants argue for dismissal on numerous grounds, including failure to state a claim, and qualified immunity.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

The overall basis for plaintiff's complaint is an allegation that defendants forced him to take antipsychotic medications against his will when he was not a danger to himself or others. Plaintiff alleges that his psychiatric diagnosis of delusional disorder, mixed type with persecutor and grandiose delusions, did not warrant the decision to medicate him involuntarily. Plaintiff alleges that the participants/defendants, at his hearing on involuntary administration of antipsychotic medication, and those involved in denial of his appeal of that hearing and subsequent substantive decisions, incorrectly determined his mental health condition warranted involuntary administration of antipsychotic mediation. Plaintiff alleges that defendants' forcing him to take antipsychotic medication violated his due process rights. Plaintiff alleges that the forced antipsychotic medication caused him to suffer serious physical and mental side effects from the medication. Plaintiff also alleges that defendants' actions caused him to be physically restrained to be medicated, and punished by means of placement in maximum security administrative segregation in order to enforce his compliance with taking the medication.

An inmate possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment. Washington v. Harper, 494 U.S. 210, 222-23 (1990). However, the extent to which a prisoner's rights under the Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement. Id. at 222.

The Supreme Court has specifically held that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Id. at 227. The Court concluded that this established an accommodation between an inmate's liberty interest in avoiding the forced administration of antipsychotic drugs and the state's interest in providing appropriate medical treatment to reduce the danger than an inmate suffering from a serious mental disorder represents to himself or others. Id. at 236.

The Harper Court also set forth four procedural due process requirements to ensure that a decision to medicate an inmate against his will is neither arbitrary nor erroneous. The four requirements are 1) notice; 2) the right to be present at an adversary hearing; 3) the right to present witnesses; and 4) the right to cross-examine witnesses. Id. at 235. These four procedural protections are the minimal constitutional requirements for satisfying procedural due process when a state involuntarily administers antipsychotic to a prisoner. Doby v. Hickerson, 120 F.3d 111, 113 (8th Cir. 1997). The Supreme Court specifically notes, however, that an inmate is not entitled to counsel at the hearing, rather representation by "an independent lay adviser who understands the psychiatric issues involved is sufficient protection." Harper, 494 U.S. at 236.

In the instant case, giving liberal construction to plaintiff's pro se complaint, as is required, this court finds that defendants' motions to dismiss should be granted, in part, and denied, in part. Based on plaintiff's complaint and attached filings regarding the decision to involuntarily medicate him with antipsychotic medication, this court is unable to determine at the motion-to-dismiss stage of the proceedings that plaintiff has failed to state a claim that his due process rights were violated by some defendants named in this case. Specifically, this court finds that plaintiff's claims against defendants who appear to have been responsible for the decision to involuntarily administer antipsychotic medications to plaintiff are sufficient to proceed at the motion-to-dismiss stage of this case. Based on plaintiff's complaints and attached filings, the motions of defendants Mariann Atwell, Dr. Anasseril Daniel, Jerry Doty, Ellis McSwain, Stephanie Scott and Bruce Harry to dismiss plaintiff's claims for failure to

3

state a claim against them should be denied because these defendants appear to have been personally and directly involved in the decision to force plaintiff to take antipsychotic medication.

To make a determination as to the applicability of qualified immunity, a two-step analysis has been set forth by the Court in Saucier v. Katz, 533 U.S. 194 (2001). The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The Court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

In applying this standard in the instant case, Washington v. Harper, 494 U.S. 210, set forth above, makes qualified immunity inapplicable at this stage in the proceedings. Harper requires a specific finding that not only is involuntary administration of antipsychotic medication in plaintiff's best interests, but also that plaintiff posed a risk either to himself or others. At the motion-to-dismiss stage of this case, this court is unable to determine that plaintiff cannot state a claim that he was denied the constitutional due process required by the Supreme Court's Harper decision. Plaintiff's complaint alleges that it was determined that although he was not an imminent danger to himself or others, he was gravely disabled and, therefore, forced medication of antipsychotic medication was appropriate. There was no specific finding that plaintiff was a danger to himself or others. Further, the rights set forth by the Harper case have been established for some time, and this court finds that defendants would have reasonably understood their powers and responsibilities under the due process standards set forth in Harper. Thus, because plaintiff has sufficiently alleged facts that, if true, would establish that his constitutional due process rights have been violated, and that those due process rights were clearly established in light of Washington v. Harper, 494 U.S. 210, the motions of defendants Mariann Atwell, Dr. Anasseril Daniel, Jerry Doty, Ellis McSwain, Stephanie Scott, and Bruce Harry to dismiss on qualified immunity grounds should be denied.

Although plaintiff's claims may not be sufficient to survive a motion for summary judgment, they are sufficient to proceed against this stage in the case.

Plaintiff's claims against Dormire, Wood, Galloway, Lewis, Loehr, Smith, Vincenz, and Dr. Rawlani, however, should be dismissed. Plaintiff's claims do not support that these defendants played a role in the decision-making process about whether to medicate plaintiff. Personal involvement in the alleged constitutional deprivation is required to support an action under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights). In this case, the constitutional deprivation is the decision to involuntarily medicate plaintiff, not the actions of those who simply carried out or assisted with the process of enforcing the decision. Thus, plaintiff's claims against these defendants should be dismissed for failure to state a claim on which relief may be granted under section 1983.

*Plaintiff's Motions for Judgment on the Pleadings*

The standard for judgment on the pleadings is a strict one. The movant must clearly establish that there are no material issues of fact and judgment is appropriate as a matter of law. Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996); National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993). The court accepts as true the facts pled by the nonmoving party and draws all reasonable inferences from the pleadings in that party's favor. Id.

If the defense of failure to state a claim is raised in a motion for judgment on the pleadings, the court uses the same standard it would have used if the motion was brought under Rule 12(b)(6), Federal Rules of Civil Procedure. St. Paul Ramsey County Medical Center v. Pennington County, S.D., 857 F.2d 1185 (8th Cir. 1988).

In this case, not all defendants have filed an answer, but rather, have motions to dismiss pending. Without an answer being filed, this court cannot make a determination that there are no material issues of fact. Further, upon review of the answers filed thus far, defendants clearly dispute issues of material fact at this stage. This case is in the early stages, and defendants' motions to dismiss are being considered, and discovery has not yet occurred.

5

There is no basis to find that plaintiff has clearly established that there are no material issues of fact, and judgment is appropriate as a matter of law. Plaintiff's motions should be denied.

*Motion for Extension of Time*

On December 19, 2008, plaintiff requested a 60-day extension to respond to the motions to dismiss filed by defendants Sally Taylor, Jim Bennett, Missouri Department of Corrections, Missouri Department of Mental Health, Shelley Moore and Mark Schmitz on December 4, 8 and 9, 2008, respectively. Upon consideration, plaintiff will be granted until February 13, 2009, to respond to these motions to dismiss. Plaintiff is advised, however, that absent truly exceptional circumstances, no further extensions of time will be granted.

In his October 10, 2008 response, the Attorney General indicated he was supplying the address for Ed Cullumber, but Mr. Cullumber's address was not listed.

The Attorney General's response indicated they had no addresses on file for defendants Dr. Robert Holland, Dr. Gulley, Kay Redding, Greg Boyt, Allen Heald and William Eikermann. In addition, service of process on defendant David Stephens was returned unexecuted.

A review of the record indicates defendants Joe Mangini and Jeanne Henry were served with process. Defendants Mangini and Henry have not answered plaintiff's complaint. A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Defendants have failed to answer plaintiff's complaint.

THEREFORE, IT IS ORDERED that within twenty days, defendants Joe Mangini and Jeanne Henry show cause why default judgment should not be entered against them. It is further

ORDERED that within twenty days, plaintiff show cause why his claims against provisional defendants Dr. Robert Holland, Dr. Gulley, Kay Redding, Greg Boyt, Allen Heald, William Eikermann and David Stephens should not be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

ORDERED that within twenty days, the Missouri Attorney General supply, in camera, the last known address for defendant Ed Cullumber. It is further

6

ORDERED that plaintiff is granted until February 13, 2009, to file responses to the motions to dismiss filed by defendants Sally Taylor, Jim Bennett, Missouri Department of Corrections, Missouri Department of Mental Health, Shelley Moore and Mark Schmitz. [89] It is further

RECOMMENDED that plaintiff's motions for judgment on the pleadings be denied. [57, 59, 60] It is further

RECOMMENDED that the motions to dismiss of defendants be granted, in part, and denied, in part. [38, 45, 53] It is further

RECOMMENDED that motions to dismiss filed by defendants Dormire, Wood, Galloway, Lewis, Loehr, Smith, Vincenz and Dr. Rawlani be granted and plaintiff's claims against them be dismissed for failure to state a claim. It is further

RECOMMENDED that the motions to dismiss filed by defendants Mariann Atwell, Dr. Anasseril Daniel, Jerry Doty, Ellis McSwain, Stephanie Scott, and Bruce Harry be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 27th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge