IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY GREEN, Register No. 509735, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-4047-CV-C-NKL |
| | ) |
| DAVE DORMIRE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Before the court are the motions to dismiss of defendants Sally Taylor, James Bennet, Missouri Department of Corrections, Missouri Department of Mental Health, Shelley Moore, and Mark Schmitz. Plaintiff has responded in opposition.[1]

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

*Missouri Department of Corrections and Department of Mental Health*

Under 42 U.S.C. § 1983, under which plaintiff brings his claims, a plaintiff must show that his constitutional right(s) were violated by a "person" acting under color of state law. State government and its agencies are not persons for purposes of section 1983. Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986). Therefore, Missouri Department of Mental Health and Missouri Department of Corrections are not properly named as defendants in this action and plaintiff's claims against them should be dismissed for failure to state a claim on which relief may be granted.

*Defendants Sally Taylor, James Bennet, Shelley Moore, and Mark Schmitz.*

Defendants argue that plaintiff has failed to make specific factual allegations against these defendants. In response, plaintiff alleges he told each of these defendants that he wanted to be taken off his prescribed antipsychotic medication and that he was not a danger to himself or others. Plaintiff alleges that these defendants, despite this knowledge, failed to take action.

As set forth by this court previously[2], plaintiff sufficiently states a claim against those defendants who appear to have been personally and directly involved in the decision to force him to take antipsychotic medication or in his involuntary transfer and commitment to Fulton State Hospital. However, plaintiff does not sufficiently state a claim against those defendants who did not play a role in the decision-making process about his transfer to Fulton State Hospital or whether to medicate him. Personal involvement in the alleged constitutional deprivation is required to support an action under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights).

Here, although plaintiff alleges that defendants Taylor, Bennet, Moore, and Schmitz were aware of his complaints about not wanting to be medicated with antipsychotic drugs, there are no

---

[2]Doc. No. 92, Report and Recommendation, and Doc. No. 106, Order.

allegations that these defendants were directly involved in the decision as to whether plaintiff was a danger to himself and/or others and whether he should be involuntarily medicated. Rather, these defendants simply carried out the process of enforcing the decision that had already been made by other defendants who remain in this case. Thus, plaintiff's claims against defendants Taylor, Bennet, Moore, and Schmitz should be dismissed for failure to state a claim on which relief may be granted under section 1983.

On March 2 and April 2, 2009, plaintiff filed motions for appointment of counsel. Upon consideration, the motions will be granted. An order of appointment will follow. The court will set a telephone scheduling conference upon plaintiff's counsel's entry of appearance.

IT IS, THEREFORE, ORDERED that discovery is stayed in this case until counsel enters an appearance on plaintiff's behalf and a new scheduling order is entered. [118] It is further

RECOMMENDED that the motions of defendants Sally Taylor, James Bennet, Missouri Department of Corrections, Missouri Department of Mental Health, Shelley Moore, and Mark Schmitz to dismiss be granted and plaintiff's claims against these defendants be dismissed for failure to state a claim on which relief may be granted. [81, 83, 87]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge