IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TIMOTHY GREEN, Register No. 509735, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4047-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendant Ed Cullumber has filed a motion to dismiss plaintiff's claims against him, citing no allegations of personal involvement, and therefore, failure to state a claim under 42 U.S.C. § 1983. Plaintiff has filed suggestions in opposition and defendant Cullumber a reply.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is

construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

As set forth by this court previously,[1] plaintiff sufficiently states a claim against those defendants who appear to have been personally and directly involved in the decision to force him to take antipsychotic medication or in his involuntary transfer and commitment to Fulton State Hospital. However, plaintiff does not sufficiently state a claim against those defendants who did not play a role in the decision-making process about his transfer to Fulton State Hospital or whether to medicate him. Personal involvement in the alleged constitutional deprivation is required to support an action under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights). Here, although plaintiff alleges that Cullumber denied his grievance in which he complained about the antipsychotic medication that was prescribed while he was at Fulton State Hospital, and which he alleged was being forced upon him, he makes no allegations that Cullumber was directly involved in the decision as to whether plaintiff was a danger to himself and/or others and whether he should be involuntarily medicated. Cullumber, in response to plaintiff's grievance, merely encouraged plaintiff to participate in his mental health treatment and to cooperate with the treatment staff. Thus, while Cullumber was aware of plaintiff's complaints of not wanting to be medicated with antipsychotic drugs, Cullumber simply was carrying out the process of enforcing the decision that had already been made by other defendants who remain in this case. Thus, plaintiff's claims against defendant Cullumber should be dismissed for failure to state a claim on which relief may be granted under section 1983.

On March 6, 2009, plaintiff filed a motion for default judgment against defendants Joe Mangini and Jeanne Henry. Defaults are not favored, Affanato v. Merrill Bros., 547 F.2d 138

---

[1] Docs. 92, 125 (Reports and Recommendations); Docs. 106, 129 (Orders).

(1st Cir. 1977), because ruling on the merits is encouraged. <u>Wilver v. Fisher</u>, 387 F.2d 66 (10th Cir. 1967). Generally, only a clear pattern of "delay or contumacious conduct" justifies entry of default judgment. <u>Taylor v. City of Ballwin</u>, 859 F.2d 1330, 1332 (8th Cir. 1988). Here, this case is in the early stages and defendants Mangini and Henry have filed an answer to plaintiff's complaint. Therefore, plaintiff's motion should be denied.

A review of the record indicates defendants Kay Redding, Greg Boyt, Allen Heald, William Eikermann and David Stephens have not been served with process. Rule 4(m), Federal Rules of Civil Procedure, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on April 23, 2008. Here, it has been more than 120 days since plaintiff's complaint was filed naming these individuals as defendants. Service has been attempted upon defendants and was returned unexecuted.

The record also reflects that defendant Dr. Robert Holland was served with process on July 2, 2009. Defendant has failed to file an answer to the complaint. A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55.

On July 27, 2009, plaintiff filed a motion for an extension of time and for assistance, alleging he is in administrative segregation and therefore needs additional time and further assistance from the court because of his limitations within administrative segregation as to the amount of legal work, and asserting he needs supplies such as stamps and envelopes and pens. A review of the record shows that plaintiff has not been penalized for missing any deadlines in this case; has been able to file necessary responses to defendants' filings, and continues to make ongoing and voluminous filings in this case. There is no basis for granting plaintiff's motion.

IT IS, THEREFORE, ORDERED plaintiff's motion for assistance and an extension of time is denied. [142] It is further

Case 2:08-cv-04047-NKL   Document 153   Filed 10/13/09   Page 3 of 4

ORDERED that within twenty days, defendant Holland show cause why default judgment should not be entered against him. It is further

RECOMMENDED that plaintiff's claims against defendants Kay Redding, Greg Boyt, Allen Heald, William Eikermann and David Stephens be dismissed, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. It is further

RECOMMENDED that plaintiff's motion for default judgment against defendants Jeanne Henry and Joe Mangini be denied. [103] It is further

RECOMMENDED that defendant Cullumber's motion to dismiss be granted and plaintiff's claims against defendant dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. [110]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 13th day of October, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge