# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

TIMOTHY GREEN, Register No. 509735,  )
                                     )
              Plaintiff,       )
                                     )
            v.                    )    No. 08-4047-CV-C-NKL
                                     )
DAVE DORMIRE, et al.,                )
                                     )
              Defendants.      )

## ORDER

Defendant Dr. Pamela Gulley has filed a motion to dismiss plaintiff's claims on grounds that plaintiff fails to make any factual allegations against her in his complaint. Plaintiff has failed to respond to the motion.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding

Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Upon review, the overall basis for plaintiff's complaint is the allegation that defendants forced him to take antipsychotic medication against his will when he was not a danger to himself or others. Plaintiff's complaint does not make any specific allegations against Dr. Gulley. Personal involvement in the alleged constitutional deprivation is required to support an action under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a casual link to, and direct responsibility for, the deprivation of rights). To the extent Dr. Gulley's name appears in the exhibits submitted with plaintiff's complaint, it is not indicated that Dr. Gulley played a role in the hearing at Fulton State Hospital where it was determined plaintiff should be involuntarily medicated. As previously determined in this case, the constitutional deprivation is the decision to involuntarily medicate plaintiff, not the actions of those who simply carried out or assisted with the process of enforcing the decision. Thus, plaintiff's claims against Dr. Gulley should be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

On October 13, 2009, United States Magistrate Judge William A. Knox recommended that plaintiff's claims against defendants Kay Redding, Greg Boyt, Allen Heald, William Eikermann and David Stephens be dismissed, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; that plaintiff's motion for default judgment against defendants Jeanne Henry and Joe Mangini be denied; and that defendant Cullumber's motion to dismiss be granted and plaintiff's claims against defendant Cullumber dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on October 30, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court notes that plaintiff is responsible for providing information necessary for service of process. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Defendants were previously granted leave to depose plaintiff on April 23, 2008; therefore, the December 9, 2009 motion to depose is moot.

On October 22, 2009, plaintiff filed a motion to depose defendants. Rule 30 of the Federal Rules of Civil Procedure provides that oral deposition must be recorded by means such as a court reporter, and that such costs must be paid by the party seeking the deposition. Thus, plaintiff would need to hire and pay a court reporter in order to depose defendants. Although plaintiff is proceeding in forma pauperis, thereby granted leave to pay the filing fee in installments and assisted with service of process, he is still responsible for the costs of his litigation, including any costs for the recording of a deposition. Therefore, plaintiff's motion to depose will be denied, without prejudice to refiling if he notifies this court he is able to schedule and hire a court reporter to record any depositions he wishes to take. Although this court understands the costs may be prohibitive to plaintiff who is pro se, plaintiff has multiple other discovery options as set forth in the Federal Rules of Civil Procedure, such as interrogatories and requests for admissions and for production of documents.

Plaintiff has filed motions for appointment of counsel. Plaintiff was most recently denied appointment of counsel on July 9, 2009. This court finds there to be no change in circumstances since that time, and therefore, plaintiff's motions are denied, without prejudice, for the reasons previously set forth by this court.

The proposed scheduling order of August 3, 2009, appears to have not been formally adopted by this court. Upon review,

IT IS ORDERED that the proposed scheduling order of August 3, 2009, is adopted, with deadlines of February 1, 2010, for completion of discovery, and March 14, 2010, for filing dispositive motions. It is further

ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [161, 164] It is further

ORDERED that defendants' motion for leave to depose is moot, and plaintiff's motion for leave to depose is denied, without prejudice. [155, 162] It is further

ORDERED that the Report and Recommendation of October 13, 2009, is adopted. [153] It is further

ORDERED that plaintiff's claims against defendants Kay Redding, Greg Boyt, Allen Heald, William Eikermann and David Stephens are dismissed, pursuant to Rule 4(m) of the

Federal Rules of Civil Procedure; that plaintiff's motion for default judgment against defendants Jeanne Henry and Joe Mangini is denied; and that defendant Cullumber's motion to dismiss is granted and plaintiff's claims against defendant Cullumber are dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. [103, 110] It is further

ORDERED that defendant Pamela Gulley's motion to dismiss is granted and plaintiff's claims against her are dismissed for failure to state a claim under 42 U.S.C. § 1983. [132]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: January 4, 2010
Jefferson City, Missouri